NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERTO TORREZ,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1124

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1528, Judge Robert N. Davis.

---

Decided: February 9, 2016

---

GILBERTO TORREZ, San Antonio, TX, pro se.

JESSICA R. TOPLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Gilberto Torrez seeks review of the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board). For the reasons stated below, we dismiss Mr. Torrez' appeal for lack of jurisdiction and, to the extent that his appeal makes out a constitutional claim over which we would have jurisdiction, we reject that claim.

## BACKGROUND

Mr. Torrez served on active duty in the U.S. Army from August 1970 to November 1991. He twice sought benefits related to service-connected injuries. First, he claimed a right elbow injury, left elbow pain, a left knee injury, right knee pain, chronic sinusitis, sinus bradycardia, bilateral hearing loss, hypertension, elevated cholesterol, lumbosacral pain, upper respiratory infections, prostatitis, and pes planus. The Department of Veterans Affairs regional office denied those claims in December 1992. Because Mr. Torrez did not file a notice of disagreement or submit new and material evidence within the one-year period to do so, this decision became final. *See* 38 U.S.C. § 7105(b)(1); 38 C.F.R. §§ 3.156, 20.302(a). Second, Mr. Torrez sought benefits related to depression or a panic disorder, a right little-finger fracture, and knee injuries. The regional office likewise denied these claims in April 2005. Mr. Torrez again did not file a notice of disagreement or submit new and material evidence before the one-year deadline, and this denial thus became final.

In June 2008, Mr. Torrez filed a claim collaterally attacking the 1992 and 2005 denials as based on clear and unmistakable error. *See* 38 U.S.C. § 5109A. After the regional office denied this new claim, Mr. Torrez filed a

notice of disagreement appealing this denial to the Board. This notice of disagreement additionally identified a number of new medical conditions that the regional office never had the opportunity to consider, either in its 1992 or 2005 determinations or in the 2008 collateral attack. The Board consulted with Mr. Torrez and removed these new conditions from Mr. Torrez' appeal so that the regional office could consider them in the first instance. The regional office has since issued a determination on the claims for benefits relating to those conditions. The Board then moved on to the medical conditions for which Mr. Torrez had already sought relief from the regional office. It remanded one to the regional office for a new determination on clear and unmistakable error and upheld the regional office's determination on the others. Mr. Torrez appealed to the Veterans Court the portion of the Board's decision upholding the regional office. The Veterans Court affirmed the Board, and Mr. Torrez appealed that decision to us.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except when a veteran brings a constitutional challenge, we lack jurisdiction to review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Torrez asserts that his appeal falls under our jurisdiction because it (1) addresses the validity or interpretation of a statute or regulation and (2) raises a constitutional challenge.

We first consider whether Mr. Torrez' appeal addresses any determination by the Veterans Court on the validity or interpretation of a statute or regulation. Mr. Torrez asserts that his appeal involves questions under 38 C.F.R. § 3.303(a) and (b). This regulation describes principles guiding the determination whether a condition is service connected. Mr. Torrez does not challenge the validity or the Veterans Court's interpretation of this regulation, but instead the Veterans Court's application of the regulation to the facts of his case. We lack jurisdiction over such a challenge.

Second, we consider Mr. Torrez' contention that his appeal involves a constitutional challenge. This contention centers on the new medical conditions that he added in filing his appeal and that the Board referred to the regional office for consideration in the first instance. Mr. Torrez takes issue with the Board's decision, which in his view is incomplete for not resolving these new claims. Mr. Torrez frames this issue as a problem with the Veterans Court's jurisdiction, which it is not. We might, however, interpret Mr. Torrez' objection to the Board's determination to raise a constitutional concern. To the extent that we have jurisdiction over this challenge, we find the Board's actions to have appropriately protected Mr. Torrez' rights. "Claims for veterans' benefits are initially developed and adjudicated by a VA Regional Office." *Sprinkle v. Shinseki*, 733 F.3d 1180, 1183–84 (Fed. Cir. 2013) (citing 38 U.S.C. § 7105(b)(1), (d)(1)). "Decisions of the Regional Office are then reviewed on appeal by the Board." *Id.* at 1184 (citing 38 U.S.C. § 7104(a)). "To ensure that claimants receive the benefit of this two-tiered review within the agency, all evidence relevant to a claim generally must be considered by the Regional Office in the first instance." *Id.* (citing 38 U.S.C. § 7104(a)). By referring these claims to the regional office, the proper forum to consider them in the first instance, the Board ensured Mr. Torrez access to an adjudication through the

proper channels. Mr. Torrez does not dispute that the regional office adjudicated these claims. We therefore see no violation of any constitutional principle in the record below. To the extent that Mr. Torrez has made out a constitutional claim over which we have jurisdiction, it is unfounded.

## CONCLUSION

We dismiss Mr. Torrez' appeal for lack of jurisdiction and, to the extent that he raises a constitutional claim over which we have jurisdiction, we reject this claim.

**AFFIRMED IN PART and DISMISSED IN PART**

## COSTS

No Costs.